# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.

**MEMORANDUM OF LAW & ORDER**
Criminal File No. 09-134 (MJD/JJG)
Civil File No. 11-2710 (MJD)

(2) KARINA SANCHEZ-GONZALEZ,

        Defendant/Petitioner.

James E. Lackner, Assistant United States Attorney, Counsel for Plaintiff/Respondent.

Karina Sanchez-Gonzalez, pro se.

## I.    INTRODUCTION

This matter is before the Court on Petitioner Karina Sanchez-Gonzalez's

Motion to Reopen Judgment Pursuant to Rule 60(b) Federal Rules of Civil

Procedure.  [Docket No. 154]

## II.    BACKGROUND

On May 19, 2009, Karina Sanchez-Gonzalez was indicted for Conspiracy to

Distribute Methamphetamine, Count 1, and Aiding and Abetting Possession

1

with Intent to Distribute Methamphetamine, Count 6.  [Docket No. 8]  Although

Petitioner gave a proffer to the Government and entered into a plea agreement,

she then retained new trial counsel and withdrew from the plea agreement,

before a plea hearing occurred.  Before trial, the Government placed the terms of

the plea agreement offer on the record.  (Sept. 1, 2009 Tr. 13-17.)  Sanchez-

Gonzalez stated that she understood the plea offer and potential sentence and

that she wished to proceed to trial.  (Id. 17.)

On September 3, 2009, a jury returned a verdict of guilty against Sanchez-

Gonzalez as to Count 1, Conspiracy to Distribute 50 Grams or More of

Methamphetamine (Actual), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)

and 846; and Count 6, Aiding and Abetting Possession with Intent to Distribute

50 Grams or More of Methamphetamine (Actual), in violation of 21 U.S.C. §

841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2.

On January 6, 2010, the Court sentenced Sanchez-Gonzalez to 120 months

in prison, the statutory mandatory minimum.  The Court denied Sanchez-

Gonzalez's request to apply the safety valve to eliminate the statutory mandatory

minimum and reduce her base offense level.  The Court held that she had failed

to meet the fifth prong of the safety valve test because she had failed to

"truthfully provide[] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan."  18 U.S.C. § 3553(f)(5).

Petitioner appealed both her conviction and her sentence to the Eighth Circuit Court of Appeals.  Among the bases for her appeal were her assertions that the Court erred in its instruction to the jury regarding duress and coercion and in refusing to apply safety valve to her at sentencing.  The Eighth Circuit affirmed the conviction and sentencing.  United States v. Sanchez-Gonzalez, 643 F.3d 626 (8th Cir. 2011).

In September 2011, Petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  [Docket No. 136]  The motion asserted that Petitioner's appellate counsel was ineffective for failing to file a timely appeal brief; her appellate counsel was ineffective for moving to consolidate Petitioner's appeal; the Court improperly instructed the jury on the law of duress and coercion; and the Court erred in failing to apply the safety valve at sentencing.  Additionally, in her Reply, Petitioner asserted that she did not want to go to trial.  On February 14, 2012, the Court denied Petitioner's § 2255 habeas petition and denied the certificate of appealability.

[Docket No. 143]  Petitioner appealed and, on July 2, 2012, the Eighth Circuit Court of Appeals denied the certificate of appealability and the appeal was dismissed.  [Docket No. 151]

Petitioner has now filed a pro se Motion to Reopen Judgment Pursuant to Rule 60(b).  [Docket No. 154]  She raises three issues for review: 1) whether the Court erred in instructing the jury on the law of duress and coercion and whether trial counsel was ineffective for failure to object to the jury instruction; 2) whether the Court erred in denying the safety valve to Petitioner at sentencing; and 3) whether trial counsel's advice regarding the decision to proceed to trial rather than plead guilty constituted ineffective assistance of counsel.

## III.    DISCUSSION

### A.    Standard for Relief under 28 U.S.C. § 2255

28 U.S.C. § 2255(a) provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted).

Alternatively, the procedural default can be excused if the defendant is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998).

A petitioner is entitled to an evidentiary hearing on a § 2255 motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

[A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.

Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted).

B.     Successive Habeas Petitions

A petitioner may not file a second or successive habeas petition unless it has been be certified by the Court of Appeals. A second or successive habeas petition will only be certified by the Court of Appeals if it contains newly

discovered evidence sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty or contains a new rule of constitutional law that was previously unavailable and has been made retroactive to cases on collateral review by the United States Supreme Court.  28 U.S.C. § 2255(h).

If a petitioner files a purported Rule 60(b) motion after the dismissal of a habeas petition, the Court must initially determine if the Rule 60(b) motion is actually a second or successive habeas petition.  <u>Boyd v. United States</u>, 304 F.3d 813, 814 (8th Cir. 2002).  If the motion is a successive habeas petition, the Court must dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, transfer the motion to the Court of Appeals.  <u>Id.</u>

A Rule 60(b) motion is considered to not be a successive habeas if it attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."  <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 532 (2005).  In contrast, a Rule 60(b) motion that seeks to have the Court reconsider the merits of the original habeas petition in light of alleged changed in Supreme Court case law is the type of motion that qualifies as a successive habeas petition.  <u>Id.</u> at 530-31.

Here, Petitioner's Rule 60(b) motion does not address any potential defect in the integrity of the previous habeas proceedings. Rather, it addresses the same issues that were addressed in the first habeas petition. All three of the issues raised in the Rule 60(b) motion were addressed by this Court in its Order denying the first habeas petition.

The issues of the jury instruction on duress and coercion and on the applicability of the safety valve were already addressed both on direct appeal and in the original habeas proceedings. These claims are foreclosed. The issue of ineffective assistance of counsel regarding the decision to reject the plea offer and go to trial was also addressed by this Court in the Order denying the original habeas petition. The Court noted that Petitioner was informed of the plea agreement and potential sentence on the record, and clearly rejected the plea agreement and stated that she desired to proceed to trial. Petitioner's argument that subsequent decisions by the Supreme Court warrant a different outcome on this last issue is precisely the type of claim that constitutes a second habeas petition under <u>Gonzalez</u>.

Thus, this Rule 60(b) motion is, in fact, a second habeas motion. Because it has not been certified by the Eighth Circuit Court of Appeals, it must be dismissed.

## IV. CERTIFICATION OF APPEALABILITY

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the Court's decisions on the merits, it concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Therefore, the Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner Karina Sanchez-Gonzalez's Motion to Reopen Judgment Pursuant to Rule 60(b) Federal Rules of Civil Procedure. [Docket No. 154] is **DENIED**.

2.     The Court denies a Certificate of Appealability is this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:   April 11, 2013                    s/ Michael J. Davis
                                           Michael J. Davis
                                           Chief Judge
                                           United States District Court